UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24550-CIV-MCALILEY
(CONSENT CASE)

BUREAU OF CONSUMER
FINANCIAL PROTECTION,

     Plaintiff,

v.

DRIVER LOAN, LLC, and
ANGELO JOSE SARJEANT,

     Defendants.

## STIPULATED FINAL JUDGMENT AND ORDER

The Bureau of Consumer Financial Protection (Bureau) commenced

this civil action against Driver Loan, LLC and Angelo Jose Sarjeant on

November 5, 2020, to obtain injunctive and other relief. The Complaint

alleges deceptive acts and practices in violation of § 1036(a)(1)(B) of the

Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C.

§ 5536(a)(1)(B), in connection with Defendants' Deposit-Taking Activities.

The Bureau and Defendants agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

## INTRODUCTION

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      The Bureau and Defendants agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint.

3.      Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order.

4.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including, without limitation, attorneys' fees.

5.      Entry of this Order is in the public interest.

## DEFINITIONS

6.    The following definitions apply to this Order:

a.    "Affected Consumer" means consumers who deposited money with Driver Loan, LLC between June 2020 and the Effective Date, excluding Angelo Jose Sarjeant.

b.    "Assisting Others" includes, but is not limited to:

    i.    consulting in any form whatsoever;

    ii.    performing customer-service functions, including but not limited to receiving or responding to consumer complaints;

    iii.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to web or Internet Protocol addresses or domain-name registration for any internet websites, affiliate-marketing services, or media-placement services;

    iv.    providing names of, or assisting in the generation of, potential customers;

3

v.    performing marketing, billing, or payment services of

any kind; and

vi.    acting or serving as an owner, officer, director,

manager, or principal of any entity.

c.    "Consumer Financial Product or Service" is synonymous

in meaning and equal in scope to the definition of the term in the

CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions

contained in the CFPA, includes but is not limited to:

i.    providing financial-advisory services to consumers on

individual consumer-financial matters or relating to

proprietary financial products or services; and

ii.    engaging in deposit-taking activities, transmitting, or

exchanging funds, or otherwise acting as a custodian

of funds or any financial instrument for use by or on

behalf of a consumer.

d.    "Defendants" means Driver Loan, LLC and Angelo Jose

Sarjeant.

e.    "Deposit-Taking Activity" is synonymous in meaning

and equal in scope to the definition of the term in the CFPA, 12 U.S.C.

§ 5481(8), and, subject to applicable restrictions contained in the

CFPA, including § 1027(i) & (j) of the CFPA. 12 U.S.C. § 5517(i) & (j),

and includes but is not limited to:

> i. the acceptance of deposits, maintenance of deposit
>
> accounts, or the provision of services related to the
>
> acceptance of deposits or the maintenance of deposit
>
> accounts; and
>
> ii. the acceptance of funds, the provision of other services
>
> related to the acceptance of funds, or the maintenance
>
> of member share accounts by a credit union.

f.     "Effective Date" means the date on which this Order is

entered on the docket.

g.     "Enforcement Director" means the Assistant Director of

the Office of Enforcement for the Bureau of Consumer Financial

Protection, or his or her delegate.

h.     "Driver Loan, LLC" means Driver Loan, LLC and its

successors and assigns.

i.     "Related Consumer Action" means a private action by or

on behalf of one or more consumers or an enforcement action by

another governmental agency brought against Defendants based on substantially the same facts described in this Order or the Complaint.

j. "Service Provider" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(26), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to any person that provides a material service to a covered person, in connection with the offering or provision by such covered person of a consumer-financial product or service, including a person that: (i) participates in designing, operating, or maintaining the consumer-financial product or service; or (ii) processes transactions relating to the consumer-financial product or service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes). "Service provider" does not include a person solely by virtue of such person offering or providing to a covered person: (i) a support service of a type provided to businesses generally or a similar ministerial service; or (ii) time or space for an advertisement for a consumer-financial product or service through

print, newspaper, or electronic media.

## CONDUCT PROVISIONS

## I.

## Permanent Ban on Deposit-Taking Activity

**IT IS ORDERED that:**

7.     Defendants, whether acting directly or indirectly, are permanently banned from participating in or Assisting Others in advertising, marketing, promoting, offering for sale, selling, or providing any Deposit-Taking Activity.

8.     Defendants, whether acting directly or indirectly, are permanently banned from receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in or assisting in advertising, marketing, promoting, offering for sale, selling, or providing any Deposit-Taking Activity.

## II.

## Prohibition on Deceptive Practices

**IT IS FURTHER ORDERED that:**

9.      Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not:

      a.      violate §§ 1031 and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1)(B); and

      b.      in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Consumer Financial Product or Service, may not misrepresent, or Assist Others in misrepresenting, expressly or impliedly, any fact material to consumers, including but not limited to total costs and any material restrictions, limitations, or conditions.

## III.

## Customer Information

**IT IS FURTHER ORDERED that:**

10.    Defendants and their officers, agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, may not:

a.    disclose, use, or benefit from customer information, including names, addresses, telephone numbers, email addresses, Social Security numbers, other identifying information, or any data that enables access to a customer's account (including a credit-card account, bank account, or other financial account), that Defendants obtained before the Effective Date;

b.    attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer to whom Defendants extended credit.

*However*, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## IV.

## Order to Pay Redress

**IT IS FURTHER ORDERED that:**

11.     A judgment for monetary relief and damages is entered in favor of the Bureau and against Defendants, jointly and severally, for the full amount Defendants received from consumers who purchased their advertised Consumer Financial Products and Services, plus all interest due to consumers under the terms of the advertised Consumer Financial Product or Service purchased, for the purpose of providing redress to Affected Consumers.

12.     Defendants have represented to the Bureau that they accepted from consumers more than $1 million for Defendants' Consumer Financial Products and Services.

13.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

**A.     Redress Plan**

14.     Within 30 days of the Effective Date, Defendants must submit to the Enforcement Director for review and non-objection a comprehensive

written plan for providing redress consistent with this Order (Redress

Plan). The Enforcement Director will have the discretion to make a

determination of non-objection to the Redress Plan or direct Defendants to

revise it. If the Enforcement Director directs Defendants to revise the

Redress Plan, Defendants must make the revisions and resubmit the

Redress Plan to the Enforcement Director within 30 days. After receiving

notification that the Enforcement Director has made a determination of

non-objection to the Redress Plan, Defendants must implement and adhere

to the steps, recommendations, deadlines, and timeframes set forth in the

Redress Plan.

15. The Redress Plan must state:

a. the total amount of all money Driver Loan, LLC received

to date from all Affected Consumers for the Consumer Financial

Products and Services Defendants offered, including any associated

fees;

b. the total amount of deposits Driver Loan, LLC received

from all Affected Consumers;

c. the total amount of interest Driver Loan, LLC

contractually owed to all Affected Consumers for those deposits;

d.      the total amount of any fees Driver Loan, LLC received

from all Affected Consumers;

e.      the deposit amount Driver Loan, LLC received from each

individual Affected Consumer;

f.      the total interest Driver Loan, LLC contractually owed to

each individual Affected Consumer for his or her deposit; and

g.      the total amount of any fees Driver Loan, LLC received

from each individual Affected Consumer.

16.    For any redress made before the Effective Date of this Order,

the Redress Plan must state:

a.      the total amount of all money Driver Loan, LLC refunded

to all Affected Consumers for the Consumer Financial Products and

Services Defendants offered, including any associated fees and

interest owed;

b.      the total amount of deposits Driver Loan, LLC refunded

to all Affected Consumers;

c.      the total amount of interest Driver Loan, LLC refunded to

all Affected Consumers;

d.      the total amount of any fees Driver Loan, LLC refunded

to Affected Consumers;

     e.    the deposit amount Driver Loan, LLC refunded to each individual Affected Consumer and the date the refund was sent;

     f.    the interest amount Driver Loan, LLC refunded to each individual Affected Consumer for his or her deposit and the date the refund was sent; and

     g.    the total amount of any fees Driver Loan, LLC refunded to each individual Affected Consumer and the date the refund was sent.

17.    For any redress not made before the Effective Date of this Order, the Redress Plan must also state:

     a.    the total amount of all money Driver Loan, LLC will refund to Affected Consumers, under Paragraph 11 of this Order, for the Consumer Financial Products and Services Defendants offered, including any associated fees and interest;

     b.    the total amount of deposits Driver Loan, LLC will refund to all Affected Consumers under Paragraph 11 of this Order;

     c.    the total amount of interest Driver Loan, LLC will refund to all Affected Consumers under Paragraph 11 of this Order;

14

d.      the total amount of any fees Driver Loan, LLC will refund to all Affected Consumers under Paragraph 11 of this Order;

e.      the deposit amount Driver Loan, LLC will refund to each individual Affected Consumer under Paragraph 11 of this Order;

f.      the interest amount Driver Loan, LLC will refund to each individual Affected Consumer under Paragraph 11 of this Order; and

g.      the total amount of any fees Driver Loan, LLC will refund to each individual Affected Consumer under Paragraph 11 of this Order.

18.     For any redress made before the Effective Date of this Order, the Redress Plan must state the manner in which the redress was made and include with their Redress Plan: (1) the template of the communication (Prior Redress Notification Letter) that was sent notifying Affected Consumers of the redress; (2) if the communication was mailed, the form of the envelope that contained the Prior Redress Notification Letter; (3) the forms of any other documents already sent to Affected Consumers relating to redress; and (4) appropriate proof of such redress, including documentation of payments made (such as but not limited to bank records, wire transfer receipts, and copies of checks).

15

19.     With respect to any redress not made before the Effective Date of this Order, the Redress Plan must include: (1) the template of the communication (Redress Notification Letter) that will be sent notifying Affected Consumers of the redress; and (2) if the communication will be mailed, the form of the envelope that will contain the Redress Notification Letter. The Redress Notification Letter must include language explaining the manner in which the amount of redress was calculated, including interest and a statement that the refund payment is being made in accordance with the terms of this Order. Defendants must not include in any envelope or with any email containing a Redress Notification Letter any materials other than the approved letters and redress checks, unless Defendants have obtained written confirmation from the Enforcement Director that the Bureau does not object to the inclusion of such additional materials.

20.     In the event that the Enforcement Director finds the Prior Redress Letters unsatisfactory, Defendants will provide a template of the follow-up communication (Follow-Up Redress Notification Letter) that will be sent to Affected Consumers. The Follow-Up Redress Notification Letter must include language explaining the manner in which the amount of

16

redress was calculated, including interest and a statement that the refund payment is being made in accordance with the terms of this Order.

21.   The Redress Plan must include a description of the following:

a.   methods used and the time necessary to compile a list of potential Affected Consumers;

b.   methods used to calculate the amount of redress to be paid to each Affected Consumer as required herein;

c.   procedures for issuance and tracking of redress to Affected Consumers;

d.   procedures for monitoring compliance with the Redress Plan; and

e.   the process for providing redress to Affected Consumers.

22.   Defendants must make reasonable attempts to obtain a current physical address and email address for any Affected Consumer for a period of 360 days from the date the redress was sent, during which period such amount may be claimed by such Affected Consumer upon appropriate proof of identity. After such time those monies will be deposited into the U.S. Treasury as disgorgement.

23.     After completing the Redress Plan, if the amount of redress provided to Affected Consumers is less than the sum total of the amounts calculated under Paragraphs 15.a and 15.c of this Order, within 30 days of the completion of the Redress Plan, Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference.

24.     The Bureau may use these remaining funds to pay additional redress to Affected Consumers. If the Bureau determines, in its sole discretion, that additional redress is wholly or partially impracticable or otherwise inappropriate, or if funds remain after the additional redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

25.     Defendants must not condition the payment of any redress to any Affected Consumer under this Order on that person's agreement to any condition, such as the waiver of any right. If any redress already made was conditioned on any waivers, those waivers are void and unenforceable.

**B.     Assessment of Redress**

26.     Defendants must retain, at their own expense, the services of an independent certified accounting firm (Firm), within 15 days after the Enforcement Director's non-objections under Paragraph 14, to determine compliance with the Redress Plan. The Firm shall determine compliance in accordance with the attestation standards established by the American Institute of Certified Public Accountants for agreed-upon procedures for engagements.

27.     Before engagement, and no later than 60 days from the Effective Date, Defendants must submit the name and qualifications of the Firm, together with the proposed engagement letter with the Firm and the proposed agreed-upon procedures, to the Enforcement Director for non-objection.

28.     The Firm must prepare a detailed written report of its assessment of the Defendant's compliance with the terms of the Redress Plan (Redress Report). The Redress Report must include an assessment of the Redress Plan and the methodology used to determine the population of Affected Consumers, the amount of redress for each Affected Consumer and the overall amount of redress provided to all Affected Consumers, the

procedures used to issue and track redress payments, and the work of any independent consultants that Defendants have used to assist and review their execution of the Redress Plan.

29.     The Firm must submit the Redress Report to the Enforcement Director and the Board within 90 days after Defendants complete implementation of the Redress Plan.

## V.

## Order to Pay Civil Money Penalty

30.     Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Defendants Driver Loan, LLC and Angelo Jose Sarjeant, jointly and severally, in the amount of $100,000.

31.     Defendants must pay the civil money penalty by wire transfer to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions and according to the following schedule:

a.     Defendants must pay $50,000 within 30 days of the Effective Date; and

b.     Defendants must pay the remaining $50,000 within 60

20

days of the Effective Date.

32.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

33.     Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Defendants may not:

      a.     claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

      b.     seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

34.     Defendant Sarjeant agrees that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

21

# VI.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED that**:

35.    In the event of any default on Defendants' obligations to make payments under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

36.    Defendants relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law, and no part of the funds may be returned to Defendants.

37.    In any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce the Bureau's rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case, the facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof.

38.    For the purpose of supporting an action by the Bureau under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), the facts

alleged in the Complaint establish all elements necessary to sustain such an action, and for such purposes this Order will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession.

39.     Under 31 U.S.C. § 7701, Defendants, unless they have already done so, must furnish to the Bureau their taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

40.     Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that Defendants are entitled to, nor may Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that

23

the Bureau makes from the Civil Penalty Fund. If the court in any Related

Consumer Action offsets or otherwise reduces the amount of compensatory

monetary remedies imposed against Defendants based on the civil money

penalty paid in this action or based on any payment that the Bureau makes

from the Civil Penalty Fund, Defendants must, within 30 days after entry

of a final order granting such offset or reduction, notify the Bureau and pay

the amount of the offset or reduction to the U.S. Treasury. Such a payment

will not be considered an additional civil money penalty and will not

change the amount of the civil money penalty imposed in this action.

41.     Upon written request, any consumer-reporting agency must

furnish consumer reports to the Bureau concerning Defendant Sarjeant

§ 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 168l b(a)(1), which

may be used for purposes of collecting and reporting on any delinquent

amount arising out of this Order.

**COMPLIANCE PROVISIONS**

**VII.**

**Reporting Requirements**

**IT IS FUTHER ORDERED that**:

42.     Defendants must notify the Bureau of any development that

24

may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

43.   Within 7 days of the Effective Date, each Defendant must:

a.   designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Defendant;

b.   identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

c.   describe the activities of each such business, including the products and services offered, and the means of advertising,

marketing, and sales.

44.     Within 7 days of the Effective Date, Defendant Sarjeant must also:

   a.     identify his telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

   b.     describe in detail his involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

45.     Defendants must report any change in information required to be submitted under Paragraphs 42, 43, and 44 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

46.     Within 90 days of the Effective Date and again one year after the Effective Date, each Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

   a.     lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which

26

Defendant has complied with each such paragraph and subparagraph of this Order;

b.      describes in detail the manner and form in which Defendant has complied with the Redress Plan; and

c.      attaches a copy of each Order Acknowledgment obtained under Section VIII (Order Distribution and Acknowledgment), unless previously submitted to the Bureau.

## VIII.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED that**:

47.      Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

48.      Within 30 days of the Effective Date, Defendant Driver Loan, LLC and Defendant Sarjeant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

49.     For 5  years from the Effective Date, Defendant Driver Loan, LLC and Defendant Sarjeant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VII (Reporting Requirements), any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order, before they assume their responsibilities.

50.     Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-7006, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

51.     Within 90 days of the Effective Date, Defendants must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 48 and 49 and a copy of all signed and dated statements acknowledging of receipt of this Order under Paragraph 50.

## IX.

## Recordkeeping

**IT IS FURTHER ORDERED that**:

52.     Defendant Driver Loan, LLC and Defendant Sarjeant, for any business for which he is a majority owner or which he directly or indirectly controls, must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendants must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

53.     Defendant Driver Loan, LLC must maintain for at least 5 years from the Effective Date or 5 years after creation, whichever is longer:

a.      copies of all sales scripts, training materials, advertisements, websites, and other marketing materials, including any such materials used by a third party on Driver Loan, LLC's behalf;

b.      for each individual Affected Consumer, and for any other consumer who enrolls or participates in any Driver Loan, LLC product or service, the consumer's name, address, phone number,

29

and email address, amount paid, quantity of product or service purchased, description of the product or service purchased, the date on which the product or service was purchased, a copy of any promotional or welcome materials provided, and, if applicable, the date and reason the consumer left the program;

      c.     for any Driver Loan, LLC product or service, accounting records showing the gross and net revenues generated by the product or service;

      d.     all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests;

      e.     records showing, for each employee providing services, that person's name, telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination; and

      f.     records showing, for each Service Provider providing services related to any Driver Loan, LLC product or service, the name of a point of contact, and that person's telephone number, email, physical, and postal address, job title or position, dates of service,

and, if applicable, the reason for termination.

Defendant Driver Loan, LLC must make these materials available to the Bureau upon the Bureau's request.

## X.

### Notices

**IT IS FURTHER ORDERED that:**

54.    Unless otherwise directed in writing by the Bureau, respectively, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "In re Driver Loan, LLC and Angelo Jose Sarjeant" and send them contemporaneously to the following addresses:

      a.    by overnight courier or first-class mail:

           Assistant Director for Enforcement
           Consumer Financial Protection Bureau
           ATTN:  Office of Enforcement
           1700 G St., NW
           Washington, D.C. 20552

      b.    by email to Enforcement_Compliance@cfpb.gov.

## XI.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED that:**

55.     Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from the Bureau.

## XII.

## Compliance Monitoring

**IT IS FURTHER ORDERED that:**

56.     Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury, provide sworn testimony, or produce documents.

57.     For purposes of this Section, the Bureau may communicate directly with Defendants, unless Defendants retain counsel related to these communications.

58.     Defendants must permit Bureau representatives to interview

any employee or other person affiliated with Defendants who have agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

59.     Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6.

## XIII.

## Transfer or Assignment of Operations

60.     Should Defendant Driver Loan, LLC  seek to transfer or assign all or part of its operations that are subject to this Order, Defendant must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

## XIV.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

61.    The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

Dated: June 1, 2021

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

34